## New York Marine Court.

*Trial Term—April, 1881.*

## HUBERT EISER *against* ROBESON ARCHER.

Master and Servant.—Negligence.—Fall of Scaffold.—The employer
is not an insurer of the safety of his servants, and is not liable to an
action unless some specific act of negligence is proved against
him.

McAdam, J.—The plaintiff, a painter, in the employ
of the defendant, was at work upon a scaffolding with
a fellow-workman and the defendant.   The scaffold-
ing broke, throwing all three to the ground, injuring
them more or less.   The plaintiff seeks to hold the de-
fendant responsible for the damages which he suffered

in consequence. The complaint was dismissed at the trial, upon the ground that the plaintiff failed to prove any act of negligence upon the part of the defendant. The defendant, it must be assumed, supposed that the scaffolding was sufficiently strong; he worked upon it with the plaintiff, and they shared the risk alike, and no defect in construction was proved. The claim that the other workman told the defendant that the scaffolding was dangerous does not assist the plaintiff, because the signal was unheeded by both, so that if it imputes negligence to the defendant it in like manner imputes contributory negligence to the plaintiff (2 *Thompson on Neg.* 1008). The employer is not an insurer of the safety of his servants, and is not liable to an action unless some specific act of negligence is proved against him. The plaintiff must be held to have understood the ordinary hazards attending this peculiar employment, and therefore to have voluntarily taken them upon himself when he entered upon the service (*Cooley on Torts*, 552, 555). The defendant is liable only for ordinary care, and there is no evidence showing that this was not properly exercised. The plaintiff had an equal opportunity with the defendant of ascertaining the sufficiency of the scaffolding, and the fact that both went upon it and fell with it shows that they were equally in error concerning its security. Neither can visit the consequences upon the other. Under the circumstances the complaint was properly dismissed, and the motion for a new trial must be denied.